IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEPHEN PEFLEY,

        Plaintiff,

   v.

D. GARDNER, Health Services
Manager, OREGON CORRECTIONS
HEALTH, and DR. J. DIEHL,

        Defendants.

Civil No. 10-1103-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff, an inmate at the Deer Ridge Correctional Institution ("DRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be

1 - ORDER TO DISMISS -

granted and because Plaintiff seeks relief from an immune Defendant. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff commenced this action by filing a Civil Rights Complaint. He subsequently filed a document entitled "Added Complaint," which the Court construes as a supplement to the original Complaint.

In his Civil Rights Complaint, Plaintiff alleges his right to "adequate medical attention," right to "be safe in prison," and right to be free from cruel and unusual punishment have been violated. By way of supporting facts, Plaintiff attaches a copy of a tort claim notification he submitted to state authorities. In the tort claim notification, Plaintiff provides a narrative of medical treatment he received while incarcerated at the Eastern Oregon Correctional Institution ("EOCI"). Plaintiff states that although he suffered from severe dizziness, unidentified prison officials "released" him to general custody where he suffered difficulty walking.

In his "Added Complaint," Plaintiff alleges an unidentified nurse on duty at DRCI violated HIPAA[1] rules and regulations by showing Plaintiff's medical file to a correctional officer.

---

[1]The Health Insurance Portability and Accountability Act of 1996, 29 U.S.C.A. § 1181, et seq.

2 - ORDER TO DISMISS -

## **STANDARDS**

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

> (B)   the action . . .
>
>> (i)   is frivolous or malicious;
>>
>> (ii)  fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

In order to state a claim, Plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler,

3 - ORDER TO DISMISS -

611 F.3d 1202, 1205 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

**I.  Claims Under 42 U.S.C. § 1983**

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).

**A.  Personal Involvement**

As a general rule, "liability under § 1983 must be based on the personal involvement of the defendant." Barren v. Harrington,

152 F.3d 1193, 1194 (9th Cir. 1998).  Accordingly, "state officials are not subject to suit under § 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights."  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren, 152 F.3d at 1194.

There is no vicarious liability under § 1983 because "[l]iability ... must be based on the personal involvement of the defendant."  Id.  A "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

Plaintiff names as Defendants four health care providers employed at EOCI.  Plaintiff does not, however, allege any of the four providers were personally involved in the deprivation of Plaintiff's rights.  As such, Plaintiff fails to state a claim against the four individual Defendants upon which relief may be granted under 42 U.S.C. § 1983.

**B.   Sovereign Immunity**

It is well established that absent waiver, the Eleventh Amendment bars a suit in federal court against either a state or an

5 - ORDER TO DISMISS -

agency acting under its control. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); see also Will v. Michigan Dep't. of State Police, 491 U.S. 58, 63-64, 71 (1989) (state is not a person within the meaning of § 1983). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (quoting Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991)).

The fifth Defendant identified in Plaintiff's Complaint is "Oregon Corrections Health." Plaintiff's claim against this state entity is barred by sovereign immunity, and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

    **C.    Denial of Medical Care**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison

official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A serious medical need is shown by alleging that the failure to

7 - ORDER TO DISMISS -

treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010). A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. at 1096. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett, 439 F.3d at 1096; McGuckin, 974 F.2d at 1060; O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff does not allege facts establishing that the individual Defendants were deliberately indifferent to a serious medical need. Accordingly, Plaintiff fails to state a claim upon which relief may be granted based upon violation of his right to be free from cruel and unusual punishment.

**II. Claims Under HIPAA**

Finally, Plaintiff alleges an unidentified nurse at DRCI disclosed Plaintiff's medical records to a corrections officer without Plaintiff's permission in violation of HIPAA. The Ninth Circuit, however, has held "HIPAA does not provide any private right of action." United States v. Streich, 560 F.3d 926, 935 (9th Cir. 2009) (citing Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no right of action"), cert. denied 130 S.Ct. 320 (2009). Accordingly, the claim alleged in Plaintiff's "Added Complaint" must be dismissed.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that his amended complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional. Plaintiff is advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement.

9 - ORDER TO DISMISS -

Plaintiff is cautioned that failure to file an amended complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this <u>26th</u> day of October, 2010.

<u>/s/ Anna J. Brown</u><br>
ANNA J. BROWN<br>
United States District Judge

10 - ORDER TO DISMISS -