IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


STEPHEN PEFLEY,                          3:10-CV-1103-BR

      Plaintiff,

                                 OPINION AND ORDER

v.

MICHAEL F. GOWER; DR. STEVEN
SHELTON, M.D.; DR. JOSEPH
DIEHL, M.D.; DR. GRANT VAN
HOUTEN, M.D.; DR. CHRISTOPHER
DIGULIO, M.D.; HEIDI MILLER,
F.N.P; D. GARDNER, Health
Services Manager; and E.
CAZIERE, R.N.,

      Defendants.


STEPHEN PEFLEY
#14083538
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, OR 97741

      Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**JOHN R. KROGER**
Attorney General
**JACQUELINE SADKER KAMINS**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 947-4700

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on Defendants'
Unenumerated Rule 12(b) Partial Motion (#31) to Dismiss.  For the
reasons that follow, the Court **GRANTS** Defendants' Motion.


<u>BACKGROUND</u>

      Plaintiff Stephen Pefley, an inmate at the Deer Ridge
Correctional Institution (DRCI), brings this civil-rights action
pursuant to 42 U.S.C. § 1983.  In his Amended Complaint Plaintiff
brings claims against Defendants for violation of his right under
the Eighth Amendment to the United States Constitution to be free
from cruel and unusual punishment and his rights to due process
and equal protection under the Fourteenth Amendment to the United
States Constitution.  Specifically, Plaintiff alleges in his
first claim that he did not receive adequate medical care for his
knee in violation of the Eighth Amendment.  Plaintiff alleges in
his second claim that he did not receive adequate medical care
for dizziness in violation of the Eighth Amendment.  Plaintiff

2 - OPINION AND ORDER

alleges in his third claim that he did not receive adequate medical care related to the dressings on a stomach wound in violation of the Eighth Amendment.  Finally, in his fourth claim, Plaintiff alleges the denial of medical care alleged in his first, second, and third claims violated his rights to due process and equal protection.

On June 3, 2011, Defendants filed a Motion to Dismiss in which they seek an order dismissing Plaintiff's second and third claims as well as that portion of Plaintiff's fourth claim related to anything other than Plaintiff's knee issues for failure to exhaust administrative remedies.


### STANDARDS

In the Ninth Circuit the failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  *See also Dixon v. Corr. Corp. of Am.*, 420 F. App'x 766, 767 (9th Cir. 2011)("[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Federal Rule of Civil Procedure 12(b) motion rather that a motion for summary judgment."); *Puente v. City of Los Angeles*, 358 F. App'x 909, 910-11 (9th Cir. 2011)("First, the

district court did not abuse its discretion by declining to
vacate its dismissal order based on Plaintiff's claim that
Defendants' motion to dismiss was untimely.  A motion to dismiss
for failure to exhaust administrative remedies must be made as an
unenumerated Fed. R. Civ. P. 12(b) motion, and need not be filed
before a responsive pleading.").  To decide a motion to dismiss
for failure to exhaust administrative remedies, the court may
look beyond the pleadings and decide disputed issues of fact.
*Id.* at 1119-20.

Unlike summary judgment, dismissal for failure to exhaust
administrative remedies is not a decision on the merits.  *Id.*
"If the district court concludes that the prisoner has not
exhausted nonjudicial remedies, the proper remedy is dismissal of
the claim without prejudice."  *Id.* at 1120.


## DISCUSSION

## I.   Prison Litigation Reform Act (PLRA) Exhaustion Requirement

As noted, Plaintiff brings this action pursuant to 42 U.S.C.
§ 1983, which provides:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any
> State . . . subjects, or causes to be subjected,
> any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable to
> the party injured in an action at law.

Section 1983 creates a private right of action against persons
who, acting under color of state law, violate federal
constitutional or statutory rights.  *Devereaux v. Abbey,* 263 F.3d
1070, 1074 (9th Cir. 2001).  The PLRA provides in pertinent part
that "[n]o action shall be brought with respect to prison
conditions under Section 1983 of this title, or any other Federal
law, by a prisoner confined in any jail, prison, or other
correctional facility until such administrative remedies as are
available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is
mandated regardless of the relief offered through the prison
administrative procedures.  *Booth v. Churner*, 532 U.S. 731, 121
S. Ct. 1819, 1825 (2001).

The exhaustion requirement applies "to all inmate suits
about prison life, whether they involve general circumstances or
particular episodes, and whether they allege excessive force or
some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).
In addition, the Supreme Court held in *Booth* that prisoners are
obligated to navigate the prison's administrative review process
"regardless of the fit between a prisoner's prayer for relief and
the administrative remedies possible."  532 U.S. at 739-41.
Accordingly, the Ninth Circuit has held "plaintiffs must pursue a
remedy through a prison grievance process as long as *some* action
can be ordered in response to the complaint." *Brown v. Valoff*,
422 F.3d 926, 934 (9th Cir. 2005)(emphasis in original).  Even if

5 - OPINION AND ORDER

the relief the prisoner receives is nothing more than "corrective action taken in response to an inmate's grievance [that] . . . improve[s] prison administration and satisf[ies] the inmate," it is sufficient relief for an inmate to continue with the administrative process. *Id.* at 936 (quoting *Porter*, 534 U.S. at 525).

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(e) is an affirmative defense. *Wyatt*, 280 F.3d at 1245. "[D]efendants have the burden of raising and proving the absence of exhaustion." *Id.* at 1120.

> Relevant evidence in so demonstrating would include . . . regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case.

*Brown*, 422 F.3d at 937. As noted, if the court concludes an inmate has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119-20.

## II.  The Grievance Process

Pursuant to the administrative rules of the Oregon Department of Corrections (ODOC) that govern inmate grievances, inmates at ODOC facilities are required to communicate with "line staff" verbally or in writing to resolve a dispute before filing a grievance.  If communication with line staff does not resolve an inmate's issue, the inmate may then file a grievance form

6 - OPINION AND ORDER

within 30 days of the incident or conflict.  Inmates must attach
copies of their previous communications with line staff to their
grievance forms to demonstrate that they attempted to resolve the
conflict informally before filing their grievance.  If an inmate
is not satisfied with the response to his or her grievance, the
inmate may file an appeal to the functional unit manager by
completing a grievance appeal form and filing it with the
grievance coordinator within 14 days from the time the response
was sent to the inmate.  The grievance coordinator then assigns
the grievance a number and records it in the grievance log.

An inmate may appeal the functional unit manager's decision
by submitting to the assistant director an appeal form, the
original grievance, attachments, and staff responses.  The
grievance coordinator then date-stamps and logs the appeal.  The
decision of the assistant director is final and is not subject to
further review.

ODOC informs inmates of the grievance procedure at their
mandatory Admission and Orientation class held when inmates first
arrive at a facility.  In addition, information about the
procedure is contained in the inmate handbook.  Inmates may
obtain grievance forms and instructions from any housing-unit
officer.

**III. Analysis**

As noted, Plaintiff alleges, among other things, that

7 - OPINION AND ORDER

Defendants violated Plaintiff's right to be free from cruel and
unusual punishment as well as his rights to due process and equal
protection when he failed to receive adequate medical attention
related to dizziness and the dressing on a stomach wound.

The record reflects on September 15, 2010, Plaintiff
attempted to file a grievance for inadequate medical attention
related to the dressing for his stomach wound.  That grievance,
however, was returned to Plaintiff because it did not comply with
the ODOC Rule that inmates must grieve each employee's alleged
actions on a separate grievance form.  Decl. of Marian Geils,
Ex. 5 at 1.  Plaintiff was advised he could submit a new
grievance form that complied with ODOC rules.  *Id*.  Plaintiff did
not submit another grievance related to the dressing for his
stomach wound.

The record also reflects even though Plaintiff filed a
number of other grievances, none of those grievances related to
the issue of inadequate medical care for dizziness.

On this record, therefore, the Court concludes Plaintiff did
not exhaust the required administrative procedures as to his
second and third claims for cruel and unusual punishment for the
denial of adequate medical care related to the dressing for his
stomach wound or for dizziness nor did Plaintiff exhaust that
portion of his fourth claim for violation of his rights to due
process and equal protection related to issues other than his

8 - OPINION AND ORDER

knee.

<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Defendants' Unenumerated Rule 12(b) Partial Motion (#31) to Dismiss.  Plaintiff's second and third claims for cruel and unusual punishment for the denial of adequate medical care related to the dressing for his stomach wound and for dizziness and that portion of Plaintiff's fourth claim for violation of his rights to due process and equal protection related to issues other than his knee are **DISMISSED without prejudice**.  This action shall continue on Plaintiff's remaining claims.

The parties shall have 60 days from the date of this Opinion and Order to complete discovery and file further dispositive pretrial motions or, in the alternative, to inform the Court in writing that no further dispositive pretrial motions will be filed.

IT IS SO ORDERED.

DATED this 25th day of October, 2011.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge


9 - OPINION AND ORDER