IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN PEFLEY,                                    3:10-CV-01103-BR

        Plaintiff,

                                       OPINION AND ORDER

v.

MICHAEL F. GOWER; DR. STEVEN
SHELTON, M.D.; DR. JOSEPH
DIEHL, M.D.; DR. GRANT VAN
HOUTEN, M.D.; DR. CHRISTOPHER
DIGULIO, M.D.; HEIDI MILLER,
F.N.P; D. GARDNER, Health
Services Manager; and E.
CAZIERE, R.N.,

        Defendants.


STEPHEN PEFLEY
#14083538
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, OR 97741

        Plaintiff, *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
MICHAEL R. WASHINGTON
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 947-4700

        Attorneys for Defendants


1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Defendants' Motion (#75) for Summary Judgment.  For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff's remaining claims **with prejudice**.


## BACKGROUND

Plaintiff Stephen Pefley, an inmate at the Deer Ridge Correctional Institution (DRCI), brings this civil-rights action pursuant to 42 U.S.C. § 1983.  In his Amended Complaint Plaintiff brought claims against Defendants for violation of Plaintiff's right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment and his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution.  Specifically, Plaintiff alleged as follows:

First Claim:     He did not receive adequate medical care for his knee in violation of the Eighth Amendment.

Second Claim:    He did not receive adequate medical care for dizziness in violation of the Eighth Amendment.

Third Claim:     He did not receive adequate medical care related to the dressings on a stomach wound in violation of the Eighth Amendment.

Fourth Claim:    Defendants' denial of medical care to Plaintiff as set out in his First, Second, and Third Claims violated Plaintiff's rights

to due process and equal protection.

On June 3, 2011, Defendants filed a Motion to Dismiss in which they sought an order dismissing Plaintiff's Second and Third Claims as well as that portion of Plaintiff's Fourth Claim related to anything other than Plaintiff's knee issues for failure to exhaust administrative remedies.

On October 26, 2011, the Court issued an Opinion and Order granting Defendants' Motion to Dismiss and dismissing without prejudice Plaintiff's Second and Third Claims and that portion of Plaintiff's Fourth Claim in which he alleged Defendants violated his rights to due process and equal protection arising from issues other than his knee.

On May 21, 2012, Defendants filed a Motion for Summary Judgment as to Plaintiff's remaining claims. On June 27, 2012, Plaintiff filed a Response to Defendants' Motion. On October 3, 2012, the Court issued an Order in which it noted Plaintiff had not been timely advised of the procedure to oppose Defendants' Motion for Summary Judgment as required by *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012). Accordingly, the Court advised Plaintiff that he could file an additional opposition to Defendants' Motion. Plaintiff filed a timely Response, and the Court took the matter under advisement on November 5, 2012.

## **STANDARDS**

3 - OPINION AND ORDER

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a genuine dispute as to a material fact. *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and point to "specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) "This burden is not a light one. . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *Id*. (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts*

4 - OPINION AND ORDER

*Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

"A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009)(citation omitted).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id.*

<u>**DISCUSSION**</u>

As noted, Defendants move for summary judgment as to all of Plaintiff's remaining claims.

**I.    Section 1983**

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

> subjects, or causes to be subjected, any citizen
> of the United States or other person within the
> jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

"In order to survive a motion for summary judgment on a § 1983 claim, the plaintiff must establish a genuine issue of material fact that the defendant (1) acted under the color of state law, and (2) deprived him of a constitutional right." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (citing *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008). State officials or municipalities are liable for deprivations of life, liberty, or property that rise to the level of a "constitutional tort" under the Due Process Clause of the Fourteenth Amendment. *Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007).

## II. Plaintiff's claims against Defendants Michael F. Gower and Steve Shelton, M.D.

Michael Gower was the Assistant Director of Operations for the Oregon Department of Corrections (ODOC) during the relevant period, and Dr. Shelton was the Medical Director for Health Services for ODOC. Plaintiff names Gower and Dr. Shelton as Defendants, but he does not allege any facts in his Amended Complaint to support a finding that Gower or Dr. Shelton participated in, directed, or failed to prevent any of the actions underlying Defendants' alleged denial of medical care.

Plaintiff appears to name Gower and Dr. Shelton solely because of their positions as supervisors.

"Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). *See also Starr v. Baca*, 652 F.3d 1202, 1221 (9th Cir. 2011)(same). Liability may also be imposed if the defendant sets into "'motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir. 1994)(quoting *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987)). *See also Lakeside-Scott v. Multnomah County*, 556 F.3d 797, 804 (9th Cir. 2003)("[T]he requisite causal connection [for § 1983] can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."). It is well-established, however, that "§ 1983 does not impose liability on individuals for the acts of their subordinates under a *respondeat superior* theory of liability." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978).

Because Plaintiff fails to establish any facts that would support a finding that Gower and Dr. Shelton either personally participated in or set in motion a series of acts by others that

they knew or reasonably should have known would cause Defendants to deny medical care to Plaintiff, the Court grants Defendants' Motion for Summary Judgment as to all of Plaintiff's claims against Defendants Gower and Shelton.

**III. Plaintiff's Fourth Claim against Defendants for violation of his right to due process**

Plaintiff, who was a convicted inmate at all relevant times, alleges in the remaining portion of his Fourth Claim that Defendants' alleged failure to provide him with adequate medical care for his knee violated his right to due process under the Fourteenth Amendment.

The Ninth Circuit has made clear that due-process analysis under the Fourteenth Amendment applies only to claims for failure to provide adequate medical care to pretrial detainees. *See, e.g., Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010)("We have long analyzed claims that correction facility officials violated pretrial detainees' constitutional rights by failing to address their medical needs . . . under [the] 'deliberate indifference' standard" of the Fourteenth Amendment.). In contrast, a prison official violates the Eighth Amendment when he denies a convicted inmate adequate medical care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

As noted, Plaintiff was at all relevant times a convicted inmate incarcerated at ODOC facilities rather than a pretrial detainee. Plaintiff, therefore, may only bring a claim for

8 - OPINION AND ORDER

denial of adequate medical care under the Eighth Amendment. *See, e.g., Copelton v. Corr. Corp. of Am.*, No. CV 09-19-GF-SEH, 2009 WL 4063907, at *3 (D. Mont. Nov. 23, 2009)("Although Plaintiff mentions the Fourteenth Amendment and the Equal Protection clause, his allegations pertain to an interference with medical care, which, since Plaintiff is a convicted inmate, arise under the Eighth Amendment of the United States Constitution."). Plaintiff does not identify any liberty or property interest other than that related to his claim that Defendants allegedly denied him adequate medical care.

Accordingly, the Court grants Defendants' Motion for Summary Judgment as to that portion of Plaintiff's Fourth Claim in which he alleges Defendants violated his right to due process by denying him adequate medical care.

## IV.  Plaintiff's Fourth Claim against Defendants for violation of his right to equal protection

Plaintiff also alleges in his Fourth Claim that Defendants' alleged denial of adequate medical care to Plaintiff violated his right to equal protection under the Fourteenth Amendment.

> To state a § 1983 claim for violation of the Equal Protection Clause "'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citation omitted).  "'The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups.'" *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995)(citation omitted).  The groups

>       must be comprised of similarly situated persons so
>       that the factor motivating the alleged discrimi-
>       nation can be identified.  *Id*.  An equal
>       protection claim will not lie by "conflating all
>       persons not injured into a preferred class
>       receiving better treatment" than the plaintiff.
>       *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.
>       1986).

*Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir.

2005).  Accordingly, to survive summary judgment as to his claim

under the Equal Protection Clause of the United States

Constitution, Plaintiff must establish a genuine dispute of

material fact exists as to whether he was treated differently

from similarly-situated inmates.  *See Sutton v. Vail*, No. 11-

35513, 2012 WL 5951464, at *1 (9th Cir. Nov. 27, 2012)(citing

*Thornton*, 425 F.3d at 1166-67).  Plaintiff, however, does not

allege or identify any similarly-situated individuals who

Defendants treated differently.  Plaintiff, therefore, has not

established a genuine dispute of material fact exists as to

whether Defendants treated him differently than similarly-

situated inmates.

        Accordingly, the Court grants Defendants' Motion for Summary

Judgment as to that portion of Plaintiff's Fourth Claim in which

he alleges Defendants violated his right to equal protection.

## V.   Plaintiff's First Claim against Defendants for denial of adequate medical care

        As noted, Plaintiff alleges in his First Claim that

Defendants denied him adequate medical care for his knee when

10 - OPINION AND ORDER

they denied him knee surgery.

**A.   Background**

The record reflects on March 6, 2008, Plaintiff was admitted to the custody of ODOC and housed at the Coffee Creek Correctional Facility (CCCF).  At intake Plaintiff did not complain of knee pain or request to see a medical provider for his knees.  Decl. of Steve Shelton, M.D., at ¶ 7; Ex. 1 at 14.

On April 16, 2008, Plaintiff advised a nurse at CCCF that he had a "bad knee" and was having trouble walking and sleeping.  Shelton Decl., Ex. 1 at 16.  The nurse noted Plaintiff would be scheduled to see a medical provider.  *Id*.  On April 30, 2008, Plaintiff was transferred to the Eastern Oregon Correctional Institution (EOCI).  At his intake evaluation Plaintiff advised the nurse that he has had "bad knees" since 2002.  Shelton Decl., Ex. 1 at 16.  The nurse noted Plaintiff had "moderate tenderness" in both knees, full range of motion in his knees, and "moderate generalized crepitus [without] instability." Shelton Decl., Ex. 1 at 17.  The nurse concluded Plaintiff did not require medical treatment other than occasional NSAIDs or Ibuprofen.  *Id*.  Plaintiff was given a housing unit on a lower level to minimize his need to use the stairs.  Shelton Decl. at ¶ 9.

On November 9, 2009, Plaintiff underwent x-rays on his right knee.  Shelton Decl., Ex. 1 at 296.  The x-rays showed

11 - OPINION AND ORDER

"localized hypertrophic changes about the patella.  The knee joint itself is maintained.  There is no evidence of fracture or dislocation."  *Id*.  Dr. Shelton testified in his Declaration that "[i]t appears the patella (kneecap) shows the evidence of arthritis (wear and tear) and has not affected the internal weight bearing portion of the joint."  Shelton Decl. at ¶ 10.

On December 24, 2009, Plaintiff was seen by Defendant Nurse Practitioner Heidi Miller for a "Special Needs Review." Shelton Decl. at ¶ 10.  Plaintiff complained of increased right-knee pain, swelling, and a "crunching sensation."  Shelton Decl., Ex. 1 at 107.  Nurse Miller opined Plaintiff had an arthritic right knee with a "possible ACL injury involving meniscus."  *Id*. Nurse Miller instructed Plaintiff on health maintenance for a mildly arthritic kneecap including stretching and warming up before exercise, daily activity, reduction of repetitive knee bending, and occasional acetaminophen or NSAID use.

On April 6, 2010, Plaintiff refused a referral to an outside provider, Dr. Becker, for evaluation as to possible surgery on Plaintiff's knees and instead decided to begin treatment for Hepatitis C.  Plaintiff noted he preferred to be evaluated for knee surgery after he completed his treatment for Hepatitis C.  Shelton Decl., Ex. 1 at 112.

On May 18, 2010, Plaintiff was transferred to DRCI.

On June 22, 2010, Plaintiff's request for a knee brace

12 - OPINION AND ORDER

was denied because a knee brace was "not medically indicated at [that] time."  Shelton Decl., Ex. 1 at 116.

The record does not reflect any further complaints by Plaintiff to ODOC health-services staff related to his knee until September 3, 2010.  On September 3, 2010, Plaintiff was seen by Defendant Christopher Digulio, M.D.  Plaintiff advised Dr. Digulio that he was supposed to receive a knee brace. Dr. Digulio's examination and review of Plaintiff's medical chart was "unremarkable," and, therefore, Dr. Digulio did not order a knee brace for Plaintiff.

On July 26, 2012, Plaintiff underwent x-rays of both knees.  The radiologist noted Plaintiff's x-rays showed:

> 1.   No acute abnormality.  No joint effusion.
>
> 2.   Bilateral patellofemoral joint osteoarthritis.  Subtle irregularities evident of the trochlear bone bilaterally, most likely secondary to significant chondromalacia.

Pl.'s Obj. to Summary J., Ex. 1 at 30.

**B.   Standards**

Deliberate indifference to serious medical needs is a cognizable claim for violation of the Eighth Amendment proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  *See also Actkinson v. Vargo*, 284 F. App'x 469, 472 (9th Cir. 2008).

> To sustain [a] deliberate indifference claim, [a plaintiff must] meet the following test:  "First,

> the plaintiff must show a serious medical need by
> demonstrating that failure to treat a prisoner's
> condition could result in further significant
> injury or the unnecessary and wanton infliction of
> pain.  Second, the plaintiff must show the
> defendant's response to the need was deliberately
> indifferent."

*Peralta v. Dillard*, No. 09-55907, 2013 WL 57893, at *3 (9th Cir.
Jan. 7, 2013)(quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th
Cir. 2006)).  To satisfy the second prong (*i.e.,* that defendant's
response to the need was deliberately indifferent), a plaintiff
must show:  "'(a) a purposeful act or failure to respond to a
prisoner's pain or possible medical need and (b) harm caused by
the indifference.'"  *Id.* (quoting *Jett*, 439 F.3d at 1096).
Deliberate indifference may be established by showing that prison
officials deny, delay, or intentionally interfere with medical
treatment or it may be demonstrated by the way prison officials
provide medical care.  *Jett*, 439 F.3d at 1096.

"Mere negligence in diagnosing or treating a medical
condition, without more, does not violate a prisoner's Eighth
Amendment rights." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th
Cir. 2004)(citation omitted).  *See also Wilhelm v. Rotman*, 680
F.3d 1113, 1122 (9th Cir. 2012)("Medical malpractice does not
become a constitutional violation merely because the victim is a
prisoner.").  In addition, "a plaintiff's showing of nothing more
than a difference of medical opinion as to the need to pursue one
course of treatment over another [is] insufficient, as a matter

14 - OPINION AND ORDER

of law, to establish deliberate indifference." *Wilhelm*, 680 F.3d at 1122 (quotation omitted).

####    C.    **Analysis**

Plaintiff fails to establish on this record that Defendants were deliberately indifferent to Plaintiff's serious medical needs.  At best Plaintiff has established he disagrees with "the need to pursue one course of treatment over another," which is "insufficient, as a matter of law, to establish deliberate indifference." *Wilhelm*, 680 F.3d at 1122.  The record reflects even though Plaintiff has mild arthritis in his knees, it has not affected the internal weight-bearing portion of the joints.  Dr. Shelton testified in his Declaration that "there is no medical evidence that additional or different treatment was warranted."  Shelton Decl. at ¶ 12.  In addition, the record reflects Plaintiff declined to be evaluated for knee surgery in April 2010 when Defendants sought to refer Plaintiff for evaluation.  Finally, the most recent evaluation in the record by an outside provider in July 2010 does not reflect a worsening of Plaintiff's condition or a serious medical need requiring surgery on Plaintiff's knees.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds no reasonable juror could conclude on this record that Defendants' conduct constituted deliberate indifference to a substantial risk of harm to Plaintiff's health.

15 - OPINION AND ORDER

Plaintiff, therefore, has not established Defendants violated Plaintiff's rights under the Eighth Amendment.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's First Claim.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Defendants' Motion (#75) for Summary Judgment and **DISMISSES** Plaintiff's remaining claims **with prejudice.**

IT IS SO ORDERED.

DATED this 10th day of January, 2013.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge