IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEPHEN PEFLEY, | 3:10-CV-01103-BR |
|       Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| MICHAEL F. GOWER; DR. STEVEN SHELTON, M.D.; DR. JOSEPH DIEHL, M.D.; DR. GRANT VAN HOUTEN, M.D.; DR. CHRISTOPHER DIGULIO, M.D.; HEIDI MILLER, F.N.P; D. GARDNER, Health Services Manager; and E. CAZIERE, R.N., | |
|       Defendants. | |

STEPHEN PEFLEY
#14083538
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, OR 97741

      Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**ELLEN F. ROSENBLUM**
Attorney General
**MICHAEL R. WASHINGTON**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 947-4700

       Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's "Post Trial" Motion (#89).[1]  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

Plaintiff Stephen Pefley, an inmate at the Deer Ridge Correctional Institution (DRCI), brings this civil-rights action pursuant to 42 U.S.C. § 1983.  In his Complaint Plaintiff alleged Defendants violated his right to "adequate medical attention," right to "be safe in prison," and right to be free from cruel and unusual punishment.  Plaintiff also alleged an unidentified nurse violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 29 U.S.C.A. § 1181, *et seq.*, when she or he showed Plaintiff's medical file to a correctional officer.

---

[1] Plaintiff's Motion comes after judgment was entered against him following various dispositive Motions.  There was not, therefore, a trial in this case.

2 - OPINION AND ORDER

On October 26, 2010, the Court issued an Order dismissing Plaintiff's Complaint on the grounds that (1) Plaintiff failed to allege personal involvement by Defendants in the alleged deprivation of Plaintiff's rights, (2) Plaintiff failed to allege facts that established Defendants were deliberately indifferent to a serious medical need of Plaintiff in violation of the Eighth Amendment, and (3) HIPAA does not provide a private right of action.  The Court gave Plaintiff leave to file an Amended Complaint to cure the deficiencies set out in the Order.

On January 19, 2011, Plaintiff filed an Amended Complaint and alleged:

> First Claim:  He did not receive adequate medical care for his knee in violation of the Eighth Amendment.
>
> Second Claim:  He did not receive adequate medical care for dizziness in violation of the Eighth Amendment.
>
> Third Claim:  He did not receive adequate medical care related to the dressings on a stomach wound in violation of the Eighth Amendment.
>
> Fourth Claim:  Defendants' denial of medical care to Plaintiff as set out in his First, Second, and Third Claims violated Plaintiff's rights to due process and equal protection.

On March 31, 2011, the Court issued to Plaintiff a Summary Judgment Advice Notice in which it advised Plaintiff that Defendants "may" file a motion for summary judgment.  The Court advised Plaintiff that Federal Rule of Civil Procedure 56 provides the standards and evidence necessary to oppose a motion

3 - OPINION AND ORDER

for summary judgment and summarized the standards and evidence Plaintiff would have to meet to survive summary judgment.

On June 3, 2011, Defendants filed a Motion to Dismiss in which they sought an order dismissing Plaintiff's Second and Third Claims as well as that portion of Plaintiff's Fourth Claim related to anything other than Plaintiff's knee issues for failure to exhaust administrative remedies.

On October 26, 2011, the Court issued an Opinion and Order granting Defendants' Motion to Dismiss and dismissing without prejudice Plaintiff's Second and Third Claims and that portion of Plaintiff's Fourth Claim in which he alleged Defendants violated his rights to due process and equal protection arising from issues other than his knee.

On May 21, 2012, Defendants filed a Motion for Summary Judgment as to Plaintiff's remaining claims.  On June 27, 2012, Plaintiff filed a Response to Defendants' Motion.  On October 3, 2012, the Court issued an Order in which it noted Plaintiff had not been timely advised of the procedure to oppose Defendants' Motion for Summary Judgment as required by *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012).  Accordingly, the Court again advised Plaintiff of the standards governing summary judgment and permitted Plaintiff to file an additional opposition to Defendants' Motion.  Plaintiff filed a timely Response, and the Court took the matter under advisement on November 5, 2012.

4 - OPINION AND ORDER

On January 10, 2013, the Court entered an Opinion and Order in which it granted Defendants' Motion for Summary Judgment and dismissed Plaintiff's remaining claims with prejudice on the grounds that (1) Plaintiff failed to establish any facts that would support a finding that Defendants Michael F. Gower and Steve Shelton, M.D., either personally participated in or set in motion a series of acts by others that they knew or reasonably should have known would cause Defendants to deny medical care to Plaintiff; (2) Plaintiff, as a convicted inmate, may only bring a claim for denial of adequate medical care under the Eighth Amendment and not under the Fourteenth Amendment; (3) Plaintiff failed to establish a genuine dispute of material fact exists as to whether Defendants treated him differently than similarly-situated inmates in violation of his right to equal protection under the Fourteenth Amendment; and (4) Plaintiff failed to establish that Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment and, at best, established only that he disagreed with the need to pursue one course of treatment over another, which is insufficient as a matter of law to establish deliberate indifference.

On January 10, 2013, the Court entered a Judgment dismissing Plaintiff's remaining claims with prejudice.

On January 30, 2013, Plaintiff filed a Post Trial Motion in

5 - OPINION AND ORDER

which he moves to vacate the Court's January 10, 2013, Opinion and Order and the Judgment pursuant to Federal Rules of Civil Procedure 59 and/or 60.

## DISCUSSION

### I.   Federal Rule of Civil Procedure 59

Federal Rule of Civil Procedure 59(e) provides:  "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  The Court entered the Judgment in this matter on January 10, 2013.  Plaintiff filed his Post Trial Motion on January 30, 2013, more than ten days after the entry of Judgment.

Accordingly, Plaintiff's Motion is untimely under Rule 59(e).

### II.  Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b)(1) provides "the court may relieve a party . . . from a final judgment . . . for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect."  Plaintiff requests the Court to vacate the Judgment in this matter on the ground of surprise.  Plaintiff, however, received two summary-judgment advice notices, both of which advised Plaintiff about the requirements of Rule 56 and the requirements for responding sufficiently to a motion for summary judgment.  Plaintiff also was provided with significant time to

6 - OPINION AND ORDER

respond sufficiently to Defendants' Motion.  On this record the Court concludes Plaintiff has not established surprise within the meaning of Rule 60(b)(1).

In any event, the documents that Plaintiff now offers with his Post Trial Motion do not provide new evidence or law relating to the dismissed claims that is sufficient to merit vacating the Judgment in this matter.

Accordingly, the Court denies Plaintiff's Post Trial Motion.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Post Trial Motion (#89).

IT IS SO ORDERED.

DATED this 11th day of March, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER